ATTATCHMENT A,

the 8th Amendment serves as the primary source of substantive protection to convicted prisoners.

## II. BASIS FOR INVOKING JURISDICTION

"The District Courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States" See 28 USC 1331 and 28 USC 1343(a)(3), this Court has jurisdiction to redress the deprivation, under color of any State Law, Statute, ordinance, regulation, custom or usuage, of any right, privilege or immunity secured by the constitution of the United States or by any act of congress providing for equal rights of citizen or of all persons within the jurisdiction of the United States. Also see 28 USC 1391(b) in the interest of justice, a District Court may transfer any civil action to any other District or Division where it might have been brought.

## II. STATEMENT OF CLAIMS

Pleader is entitled to relief in the complaint as follows:

See Rule 8(a)(2), Federal Rules of Civil Procedure.

"Plaintiff may join a Defendant in an action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transactions or occurrence, or series of transactions or

2

occurances, and any question of Law or Fact common to All Defendants will Arise in the action." The fact common to all Defendants is that they conspire and work together with Armor Health, LLC.

A. Defendants

1.) Defendant Armor Health Have a Persistent and wide spread Practice, Custom, or Policy which are the moving Forces behind Constitutional violations.

2.) Defendant Armor Health, LLC, individually, and through it's Employees, impliments a Custom, Policy or Practice Denying Medical Treatment or Delaying Medical Treatment to Prisoners.

3.) Armor Health has a Financial Incentive and choose cheaper Alternatives Toward any Treatment Necessary for Prisoners.

4.) Defendant Armor Health has a Financial Incentive to Delay or fail to Provide Prisoners with Ambulatory Specialty, Care or Needed ADA, Acommodations

5.) Defendant Armor Health has a Custom, Policy or Practice Resulting in Plaintiff's Injury by Not Providing the Necessary Equipment Available to Insure Prisoner Safety to Cut Costs to Save Money.

B.) Defendant Collier County -State of Florida-Municipality
The County itself remains liable for any constitutional deprivations caused by Policies, or customs of the Health Services, thus to state a claim against a municipality, such as this County, Plaintiff must allege that; 1.) His constitutional rights were violated.;
2.) The County had a Policy or custom that constituted deliberate indifference to his constitutional rights;
3.) The custom or Policy caused the violation.,
Thus to Prevail on this 8th Amendment deliberate indifference claim this Plaintiff must also claim or demonstrate, 4) A serious medical need.;
5.) A showing that Prison or Jail official acted with deliberate indifference to that need.
6.) Causation between that indifference and the Plaintiff's injury. See: MANN V TASER INT'L INC. 588 F3d 1291, 1306-07 (11th Cir. 2009)
7.) Defendant Collier County remains liable for the constitutional depations by the Polices, customs, or practices of the Health Services.
8.) Defendant "Collier County" have a Policy or custom of not evaluating the Prospective contractors to ensure they were Performing under the agreement for care. For example; They were not Properly assessing Health conditions

9.) DEFENDANT "Collier County" have a long standing widespread custom of allowing county employees to engage in deliberate indifference conduct toward jail prisoners medical needs.

10.) "Union County" have a long standing custom and practice for failing to supervise medical centers for Florida prisoners.

11.) Union County custom and polices were driven by convenience, financial motives and the fact the county knew it was contractually indemnified by Armor Health, LLC.

Section 1983 allows a prisoner to sue the municipality or county that runs the prison system or jail. See: Fields v Corizon Health, 490 F. APPX 174, 181 (11th Cir. 2012). Also see Dunsmore v Wells 2024 U.S. Dist. Lexis 113195.

Collier County runs the County jail where Plaintiff was housed.

Section 1983 does not create a remedy for every wrong committed under color of state law, but only those that deprive a plaintiff a federal right. See: 28 U.S.C. 1915 (e)(2)(B)(ii).

A core Principle of eighth Amendment Juris Prudence in the Area of Medical care is that officials who have Knowledge of the need for care may not, by Refusing to give care, delay care, failing to provide care cause a prisoner to need lessly suffer the pain resulting from his injuries or illness. see: http://www.dc.state.fl.us/org/health.html

defendant Zinia Rodriguez, Medical Administrator working for Armor Health denied propper care to Plaintiff who was disabled, not wanting to go out of her way or provide A.D.A. Acommodation necessary to provide Plaintiff the safety required to prevent injury, And Alleviate costs, conspiring with Armor Health to save money by denying proper equipment to prevent injury followed by discriminatory actions telling Plaintiff that that shower kicked his ass with no regard to safety or injury.

## III. SCREENING STANDARD

"[A] Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)**" While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" 556 U.S. at 679; these allegations are also supported by medical records, See: (attached Appendix.) also see **Jones v. Bock, 127 S. Ct. 910 (2007)**

## IV. PROCEDURAL AND FACTUAL BACKGROUND

The Eleventh Circuit has held that deliberate indifference "includes" the delay of treatment for obviously serious conditions where it is apparent that delay would determinedly exacerbate the medical problem, where delay

12

## VI. EXHAUSTION

The Prison Litigation Reform Act (PLRA) requires exhaustion of available administrative remedies before a 42 USC 1983 action with respect to prison conditions may be initiated in a District Court by a prisoner. 42 USC 1997e(a)- FDOC provides inmates with a three Step grievance process for exhausting administrative remedies.

The grievance procedure applicable to Florida Prisoners is set out in § 33-103 of the Florida Administrative Code.

Section 33-103 contemplates a three step sequential grievance procedural: 1). Informal Grievance; 2). Formal Grievance; and 3). Administrative appeal. Medical Grievances are two-step and by-pass the informal grievance process. See 33-103.006. The PLRA was created to "reduce the

19

quantity" and "improve the quality of Prisoner suits." See **Sorrells v. Singer**, 2008 U.S. Dist. Lexis 100831 (M.D. Fla. Dec. 15, 2008) (An inmate exhausts his administrative remedies when he properly files a medical grievance at the formal grievance level and the appeal grievance level.)

Also see 33-103.(3)(e), F.A.C. (stating that a medical grievance may be filed directly with the reviewing authority.) See Appendix. (Appd. Exhibit "C" Institution Log # 2504-231-125; # 2504-231-062 and Administrative Appeal Log # 25-6-12438) ALSO UNDER F.A.C. 33-103.011(4) exPIRATION of TIME LIMIT AT ANY STEP IN THE PROCESS SHALL ENTILE THE COMPLAINTANT TO PROCEED TO THE NEXT STEP.

## VII. ARGUMENT

A Prisoner has an 8th Amendment right against cruel and unusual punishment, which protects a prisoner from a prison deliberately indifferent care to a prisoners serious medical need. See **Estelle v. Gamble**, 97 S. Ct. 285 (1976). This is true whether the indifference is manifested by prison doctors in their response to the prisoners needs or by guards intentionally denying or delaying access to medical care or intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. See **West v. Atkins**, 487 U.S. 42, 56 (1988) (Contracting out prison medical care does not relieve the State of its

20

constitutional duty to provide adequate medical treatment to those in its custody)

Even though a governmental entity may contract with a private company to provide inmates medical care, in **Ancata v. Prison Health**, 769 F. 2d 700, 705 (11th Cir. 1985) The Court explained that the governmental entity retains a non-delegable duty of care.

The Federal Courts have consistently ruled that governmental, State, and Local have an obligation to provide medical care to incarcerated individuals. See *Estelle, supra*. This duty is not absolved by contracting with an entity such as ' *ARMOR HEAITh, LLC*: although *ARMOr HEAITh* has contracted to perform an obligation owed by the County, the County of *Collier* remains liable for any constitutional deprivations caused by policies or customs of the selected medical contractor. In this sense, the County duty is non-delegable.

Also under Florida Law 33-602.101(9), F.A.C. a prisoner has a right to medical care, and a prisoner may sue his jail or prison custodian-"Ricky D. Dixon"-if the custodian negligently selects or supervises a private medical contractor.

21

"The Eleventh Circuit Court of Appeals has held that State sovereign immunity principles are no bar to 1983 claims against a County" **Abusaid v. Hillsborough County Board of City Commission**, 405 F. 3d 1298, 1315 (11th Cir. 2005) (Citing **Howlett v. Rose**, 496 U.S. 356 (1990))

All Defendants violated Plaintiff's clearly established Federal Constitutional rights, of which a reasonable person would have known. See **Knight v. Jacobson**, 300 F. 3d 1272, 1276 (11th Cir. 2002) also see **Tannenbaum v. U.S.**, 148 F. 3d 1262, 1263 (11th Cir. 1998) ("*Pro se* Pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.")

As stated in **Chakra, Inc. v. City of Miami Beach**, 254 So. 3d 1056 ("In Florida the limitations period for a 1983 claim is four years.") Thus, the complaint, summons and all its attachments are timely filed in *good faith*.

In the case DADONO V HOFFMAN, 821-CV-315-WFJ—JSS the Court allowed Plaintiff to proceed with his deliberate indifference claim against ARMOR HEAlth concerning their alleged custom or policy of refusing to dispense medications as a cost-saving measure, AND ALSO THE ShERiff For CUSTOM AND Policy.

22

Reference# Name    A#    Date    NJC    housing
10,795.00  JoseLozano 0605171/24/2022      medical

Collier County Jail
Grievance Administration
The grievance process is used to address conditions
related to confinement that cannot be resolved by
housing staff such as policy and procedure compliance
allegations of member misconduct, die tary food issues,
or medical issues when filling a grievance, include
the specific details of the complaint. A grievance
can be returned if it is too vague, or includes profanity,
racial slurs or sexually explicit language. If you wish
to file an appeal it must be submitted within 5 days
of the response you receive from Jail Administration.
Date of incident: 2022-01-24
Time of incident: 2:30 P.M.
Location of incident: 6 b
Name of Deputy if involved: all + sheriff + director
+ armor + ZINIA + res sun



GRIEVANCE STATEMENT
this grievance is in response to your Jail administration
policy of not taking my Medical paper work seriously.
this grievance is also in response to your healthcare
department, and even more specifically ZINIA RODRIGUEZ,
and their failure to take my well-documented and
easily discoverable medical history seriously. the
failure of both this sheriff and his Jail administration,

along with armor health and ZINIA rodriguez's pronunced failure as well, resulted in me seriously injuring myself here while in your care and custody and control. It states in no uncertain terms in my paper work and i have told everyone that would listen as well, that i am handicapped. HANDICAPPED. yet, i was placed onto this general population block (6b) any way, and then i tried to take a shower and that's when i was injured this general population transit block of 6b is NOT equiped with the proper handicap accessible equipment and accessories my condition requires. yet i was forced onto this deck and when i tried to take a shower here i was injured when i sustained a nasty fall. My shoulder was completed dislocated from it's socket. i was eventually taken to an outside hospital (but only after ZINIA RODRIGUEZ took her sweet time to get to me and then told me herself "looks like the shower kicked your ass). on the ambulance ride i was shot with Morphine at the outside Hospital i was put under while they poped my arm and shoulder back into place. this took way longer then it should have because ZINIA RODRIGUEZ didn't take my HANDICAP paper work seriously and then took FOR-EVER to get to me (and i couldn't be taken to outside hospital until she viewied me and approved the move for some odd reason) and then she abused me with her sick sense of humor while i was clearly waiting in pain in front of her. My condition was so awful that the officers accompanying me actually apologized for the behavior of
(12) page

ZINIA RODRIGUEZ even though they themselves bore no fault in the entire tragic episode. this entire disaster of a situation was so easily avoidable and never should have happened. now i am stuck with my arm in a sling in jail i cannot sleep. i have a suppressed appetite. i have a continuous migraine. i am now experiencing ptsd and some of the worst mental anguish of my life. i am tired and exhausted and this pain in my shoulder is beyond words and nearly unbearable to be sure. AND This ALL NEVER SHOULD HAVE EVER HAPPENED. your jail administration and your healthcare department and ZINIA RODRIGUEZ show an utter disregard for the truth, and for common decency as well. When they behave in these deplorable way it would shock the conscience of the taxpayers of this community that you treat the elderly and the handicapped in this degrading and humiliating manner. now i am in this extremely vulnerable and debilitating position caused by your willful and wanton abuse of power. you are the proximate cause of any and all of my pain and suffering and mental anguish. and i did nothing to deserve this abuse of your. no one deserves this permanent disfigurement and unbearable damage clearly caused by you. NO ONE DESERVES THIS PAIN. Inmate signature (type full name): Jose lozano

Note by Director k. Bouza on 01/26/2022 at 11:01 A.M. Looking into your ADA claims, will reply shortly.

(13) Page

Response by Director K. Bouza on 2/02/2022 at 10:03 A.M.

There is nothing in your Medical file regarding you needing special accommodation reference a handicap. Hs. A Rodriguez also states she has never spoken to you. I recommend that you request a sick call if you have a need to be seen by a Medical professional. You can send a request to Medical to advise them of handicaps that you may have and once they've confirmed this or had a Medical provider examine you, they will take the necessary steps to make sure that any special accommodation that are necessary are in place.

Response was reviewed Captain K. Hormon on 02/03/2022 at 11:42 A.M.

Your Appeal on 02/06/2022 at 7:31 P.M. Rebuttal on the 4 sentences of K. Bouza's reply to my grievance.
(1) In 2010, I was place on a Medical block due to my Medical history where there was accomodating Medical hand-rails and handicap seats in the shower area and so-on so, there should be medical history of my disability and the extensive time I was in that Medical block, close to 3 years. I advised Medical staff of this when I got to jail that I was disabled and needed assistance and accomodations but was ignored and place in general population. (2) once

(2.) on 1/9/2022, about 5 P.M. is the date and time of the incident by falling in the shower in block 6B and separted my shoulder, when the Medical personel arrived is in fact when nurse H.S.A. Rodriguez made her statements that "the shower kicked your ass..." she did in fact speak to me and how she made her statement was unproffesional nor did she take my complaint of not breathing seriously when i told them my complaints but the other nurse did and she administered oxygen tubes in my nostrals.

(3) I have told Nurses of my Disabilities and was obviously sent to the hospital with separated shoulder issues (injury) from the fall in the shower due to not being provided with proper hand-rails and the Jail has obviously been in contact with doctor and should easily see my Medical history records of knee surgery and around November 31st, 2021.

(4) I have filled out sick calls to the pain of my injury with no results. Around 1987, i became Medically handicapped / disabled due to horrific and debilitating back injury which severely limits my daily function and physical abilities. This is all well documented. Around 1987, i had a life altering back surgery and is easily discoverable and should as well be in my Jail history and i have been on S.S.D. since this surgery in 1987. I am only asking to be taken seriously and the adequate or reasonable Medical care and reasonable prompt attention. I am being punished for my Medical / physical condition. The outside doctor told me differently than the Nurses

(5) Does

how to care for my shoulder. I am in lot of pain.
I also do not understand why i have to pay for the medical
procedures and not the Jail. Since i am in the Jail custody
Also, i should not have to pay for the pain Medication as it
should be listed as chronic care. Mind you, this incident
happened in the Jail, while in the care and custody of this
Jail.
In conclusion, i have a right to Medical aid I under-
stand that neither federal nor state Constitutional
prohibitions of cruel and unusual punishment gaurer
tee any prisoner that he or she will be free from or
Cured of all real or imagined Medical disablilties while
he or she in custody.
What is required is that the prisoner be affored such
Medical care, in the form of diagnosis and treatment,
as is reasonably available under the Circumstances
of his or her Confinement and Medical Condition.
This all fall under Right To Medical Aid state stat 1-103.

Appeal Resposnse by Director k. Bouze on 02/07/2022 at 10:10 AM

Medical Records are only for 7 years. If you've been deemed disabled /
handicapped by the state or a Doctor, Please contact Medical
to complete a release of information so that they may
obtain your Medical records from the doctor who found you
disabled / handicapped.
Tanslate Appeal Response to Sanish
(6) pase

Note by Director K. Bouza on 02/10/2022 at 9:43 A.M.

Sent a request to Medical to check on your Medical records now that you've signed the release of information. will reply to your Appeal Shortly.

Your 2nd Appeal on 02/09/2022 at 2:40 PM.

A. on 01/28/2022 i filled out and submitted a Medical Release of information Form to be seen by the American Board of Orthopedic Surgery. My Doctor who performed my Surgery is, Philip T. Regola, M.D. and his records indicate the following:

(1) in 1987, i became medically disabled and handicapped due too horrific and debilitating back injury, which severely limits my daily functions and physical abilities and leaves me vulnerable to such accidents as fall as well as it leaves me in constant pain, due to pinching of my nerves in my back and terrible pain in my lower abdomin, and severe burning sensations where i had my Hernia Surgery. I have all of the necessary documentations of the full disability status, along with name of the lawyer in Ft. Meyers who represent-ed me in this case; the lawyer name is Bruce L Shiner.

B) recently, on 01/09/2022 around 5 PM, i fell in the shower in housing unit 6B, resulting in a separated shoulder, this was cause due to the lack of hand-rails and shower-seats; be medically disabled

(7) Page

and handicapped, i am supposed to be afforded such accomodations. it has been over a Month since my fall, and the out side Doctor, who on 01/09/2022 at around 7PM had reset my seperated shoulder and issued me a sling and said i should do Physical Therapy. I have filled out and submitted the proper Medical Release of information forms for the Medical staff here, that way all necessary documentation is present and can verify claims. this fall under Florida Model Jail standards statute 7. S. G.

(C) i qualify to be housed in a Medical dormitory, where there are such accomodations such as hand-rails in the shower and shower-seats, excetera. i am in fear of falling in the shower again. Please take the necessary precautions as is out lined in the Florida Model Jail standards guidelines. i also have not began any physical Therapey as was suggested by out side Doctor on 01/09/22

2nd Appeal Response by Director K Bouza on 02/11/2022 at 7:57 A.M.

Reviewer status: Response as follows

According to Medical Records, there is not a release of information for an orthopedic Doctor. The records they have obtained does not indicate that you have been determined to be disabled or handicapped by Doctor

(8) Page

you have an appointment soon to see an orthopedic Dr. If that doctor indicates that you are disabled/handicapped then Medical will take proper steps to meet any ADA need you Might have.

Translate 2nd Appeal Response to spanish

Your 3rd Appeal on 02/11/2022 at 6:51 P.M.

i want to stop having to appeal this and see the orthopedic Doctor because i am in fact disable and handicpped and am in need of special Medical. accomedations such as hand-rails and shower-seats; i have submitted the Medical release forms on 01/28/2022 to the orthopedic Doctor. Perhaps you havent received the Medical documentations Yet. i am in constant fear of fallin in this current housing block 32 b due to the lack of hand-rails and shower-seats that are necessary for me, due to my back injury. as soon i see the orthopedi Doctor for handicapped-Medical reason, and moved to a Medical housing block with the appropiate Medical

Translate 3nd Appeal Response spanish

The deadline to enter a 4th appeal to this request

expired   Apr 30, 2022, at 12:26 PM

(9) page