UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GUERRERO LOZANO,

    Plaintiff,

v.                                  Case No.: 2:25-cv-00725-SPC-KCD

COLLIER COUNTY *et al.*

    Defendants,
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Jose Guerrero Lozano's Complaint for Violation of Civil Rights (Doc. 1). Lozano is a prisoner of the Florida Department of Corrections and was formerly detained in the Collier County Jail. Lozano sues Collier County, medical contractor Armor Health, nurse Zinia Rodriguez, and sheriff Kevin Rambosk under 42 U.S.C. § 1983, the Eighth Amendment, and the Americans with Disabilities Act (ADA). Lozano is proceeding *in forma pauperis*, so the Court must review the complaint *sua sponte* to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

**Background**

Lozano's complaint is light on factual details. While being booked into the jail, Lozano told unnamed booking and medical staff he had a disability

that impacts his mobility and required ADA accommodations, including handrails in the shower. The jail did not provide the requested accommodations. Lozano fell while showering and seriously injured his shoulder, knee, and back. He sues Collier County, Armor Health, Sheriff Kevin Rambosk, and nurse Zinia Rodriguez for failing to provide a shower with handrails.

## Legal Standard

Federal Rules of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2)

the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## Discussion

As the Court construes it, Lozano's complaint accuses the defendants of violating his rights under the Eighth Amendment and the ADA. In the complaint form, Lozano indicates he sues all four defendants in both their individual and official capacities. Lozano cannot sue Collier County and Armor Health in their individual capacities because they are not individuals. And Lozano does not allege Sheriff Rambosk was personally involved in any deprivation of rights, so he cannot be liable in his individual capacity. *See Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992) (to hold an official liable in his individual capacity, a § 1983 plaintiff must "show that the official, acting under color of state law, caused the deprivation of a federal right"). The Court thus construes Lozano's claims against Armor Health, Collier County, and Rambosk in their official capacities only.

A. <u>Eighth Amendment</u>

Lozano asserts the defendants violated the Eighth Amendment by requiring him to use a shower without handrails. Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

Lozano fails to plausibly plead either component. The allegation that Lozano has a mobility-related disability is not enough to establish that requiring him to shower without handrails created an unreasonable risk of serious harm. He must plead in more detail to establish the objective component. Lozano also fails to establish deliberate indifference. He does not allege facts suggesting either individual defendant knew of his disability before he fell, and they could not have been deliberately indifferent to a risk they were unaware of. Lozano has not alleged Rambosk or Rodriguez had a culpable state of mind.

Lozano's official-capacity Eighth Amendment claims against Rambosk, Collier County, and Armor Health also fail. Municipalities can only be liable under 42 U.S.C. § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978).[1] But there can be no *Monell* liability without an underlying constitutional violation. *Pipkins v. Cty. of Hoover, Ala.*, 134 F.4th 1163, 1173 (11th Cir. 2025). Thus, Lozano's failure to plausibly allege that any official violated the Eight Amendment is fatal to his *Monell* claims. Also, Lozano's *Monell* claims are insufficient because he "does not allege a pattern of similar

---

[1] Armor Health is considered a municipality because it "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

constitutional violations" by the defendants' employees. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015). Although the complaint alleges Collier County and Armor Health had customs or policies that contributed to Lozano's injury, it alleges no facts to support those conclusions.

Lozano fails to state a plausible Eighth Amendment claim against any defendant. If Lozano amends this claim, he should include details about his disability, what he told the defendants about his disability before his fall, and how they responded.

### B. ADA

Title II of the ADA prohibits public entities from discriminating against individuals with disabilities and requires public entities to make "reasonable modifications to their policies, practices, or procedures when necessary to avoid discrimination on the basis of a disability unless making the modifications would "fundamentally alter the nature" of the services, programs, or activities." *Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764 (11th Cir. 2020) (quoting 28 C.F.R. § 35.130(b)(7). Public entities, including prisons and jails, can be liable for damages if they fail to make a reasonable accommodation, but only if the failure violates the Fourteenth Amendment. *Id.*; *see also United States v. Georgia,* 546 U.S. 151, 157-59 (11th Cir. 2006) (noting that the Fourteenth

Amendment incorporates the Eighth Amendment against the states).[2] Absent a constitutional violation, the Eleventh Amendment bars ADA claims for monetary damages against state agencies.

As explained above, Lozano's complaint does not state an Eighth Amendment claim. See *Redding v. Georgia*, 557 F. App'x 840, 844 (11th Cir. 2014) (assigning a prisoner to a top bunk despite his bottom-bunk pass did not rise to the level of an Eighth Amendment violation). Lozano cannot pursue monetary damages against a state actor under the ADA without pleading a plausible Eighth Amendment claim.[3]

Accordingly, it is hereby **ORDERED**

(1)   Plaintiff Jose Guerrero Lozano's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**.

(2)   Lozano may file an amended complaint by October 6, 2025. Otherwise, the Court will enter judgment and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on September 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] There is no individual liability under the ADA, so an ADA claim against Rodriguez is a nonstarter. See *Dukes v. Georgia*, 428 F. Supp. 2d 1298, 1322 n.5 (N.D. Ga. 2006).

[3] Lozano does not seek injunctive relief because he is no longer detained in Collier County Jail.