UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE GUERRERO LOZANO,

      Plaintiff,

v.                                Case No.: 2:25-cv-00725-SPC-KCD

COLLIER COUNTY *et al.*

      Defendants,
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Jose Guerrero Lozano's Amended Complaint (Doc. 11). Lozano is a prisoner of the Florida Department of Corrections and was formerly detained in the Collier County Jail. Lozano sues Collier County, medical contractor Armor Health, nurse Zinia Rodriguez, and sheriff Kevin Rambosk under 42 U.S.C. § 1983 for violations of the Eighth Amendment and the Americans with Disabilities Act (ADA). Lozano alleges that jail officials failed to provide a shower with handrails despite his mobility-related disability, and that he suffered multiple injuries when he fell while showering.

The Court dismissed Lozano's initial complaint for failure to state a claim. Lozano's amended complaint is not materially different than the original, and it fails to state a claim for the same reasons.

The Court found the initial complaint failed to establish either the subjective or objective components of an Eighth Amendment claim:

> Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).
>
> Lozano fails to plausibly plead either component. The allegation that Lozano has a mobility-related disability is not enough to establish that requiring him to shower without handrails created an unreasonable risk of serious harm. He must plead in more detail to establish the objective component. Lozano also fails to establish deliberate indifference. He does not allege facts suggesting either individual defendant knew of his disability before he fell, and they could not have been deliberately indifferent to a risk they were unaware of. Lozano has not alleged Rambosk or Rodriguez had a culpable state of mind.

(Doc. 10 at 5). The Court gave Lozano specific instructions for repleading: "If Lozano amends this claim, he should include details about his disability, what he told the defendants about his disability before his fall, and how they responded." (*Id.* at 6).

Lozano did not follow the Court's instructions. Like his original complaint, Lozano's amended complaint does not describe his disability or otherwise allege facts from which the Court could reasonably infer that a defendant or any other jail official knew showering without handrails created

an unreasonable risk of serious harm to Lozano. Lozano's allegation that a booking officer assigned him to open population despite knowledge of an unspecified disability is not enough. And as the Court explained in its prior order, Lozano's failure to state an Eighth Amendment claim is also fatal to his ADA claims. *See Siskos v. Sec'y, Dep't of Corr.*, 817 F. App'x 760, 764 (11th Cir. 2020) (the Eleventh Amendment bars ADA claims against public entities for monetary damages absent a constitutional violation).

Accordingly, it is hereby

**ORDERED**

(1)   Plaintiff Jose Guerrero Lozano's Amended Complaint (Doc. 11) is **DISMISSED without prejudice**.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on October 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record
SA: FTMP-1